MHN

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) | |
| Plaintiff, ) | |
| ) | Case No. 09 C 7325 |
| v. ) | |
| ) | Judge George W. Lindberg |
| BRINK'S MANUFACTURING COMPANY, ) and G.M. SIGN, INC., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant G.M. Sign, Inc. ("G.M. Sign") moves this court pursuant to 28 U.S.C. § 1404(a) to transfer jurisdiction of this case to the United States District Court for the District of Minnesota. For the reasons set forth below, the motion is granted.

## I. RELEVANT FACTS

Plaintiff Auto-Owners Insurance Company ("Auto-Owners"), a Michigan corporation with its principal place of business in Lansing, Michigan, brings this action for declaratory relief against defendants Brink's Manufacturing Company ("Brink's"), a Minnesota corporation, and G.M. Sign, an Illinois corporation. Auto-Owners is seeking relief in connection with an underlying class action alleging violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Auto-Owners issued insurance policies to Brink's and Brink's tendered its defense of the underlying TCPA class action litigation to Auto-Owners under those policies. Auto-Owners agreed to defend Brink's in the underlying litigation under a reservation of rights. In this action, Auto-Owners seeks a declaratory judgment that it does not have a duty to defend or indemnify Brink's in the underlying litigation.

The disputed insurance policies were solicited, negotiated, delivered and executed, at least in part, in Minnesota and Brink's paid the premiums on those policies from Minnesota. Further, Auto-Owners and G.M. Sign agree that Minnesota state law will govern the resolution of the instant coverage dispute and declaratory judgment action.

## *II. LEGAL ANALYSIS*

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In other words, a transfer is appropriate if: (1) venue is proper in both the transferor and transferee courts; (2) transfer will serve the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *See Boyd v. Snyder*, 44 F. Supp. 2d 966, 968 (N. D. Ill. 1999). Whether to transfer a case is within the sound discretion of the transferor court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The party requesting transfer bears the burden of demonstrating that the transferee forum is clearly more convenient than the transferor forum. *Id.*

Both parties concede that venue is proper in this court and the District of Minnesota. G.M. Sign is the party seeking a transfer to Minnesota, so it waived any objection to personal jurisdiction in Minnesota. *See Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D.Ill. 2002). Therefore, the court proceeds directly to an analysis of the second factor, whether transfer will serve the convenience of the parties and witnesses. In accessing the convenience of the parties and witnesses, the Court considers five sub-factors. *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 774 (N.D. Ill. 1998). This Court is the plaintiff's chosen forum, however, the deference accorded this factor is minimal because plaintiff does not

2

reside in this forum. *Childress v. Ford Motor Co.*, 03 C 3656, 2003 WL 23518380 at *3 (N.D.Ill. Dec. 17, 2003). As stated above, Auto-Owners is incorporated and located in Michigan.

The situs of events material to this case is Minnesota and both parties agree that Minnesota state law will govern resolution of this action. The convenience of the witnesses is not relevant because neither party has produced witness lists. Relevant documents related to the disputed insurance policies are likely located in Minnesota because that is where the policies were purchased and issued. Further, the insurance agent who issued the disputed policies is located in Minnesota and Auto-Owners has a Minnesota office. The only party that resides in Illinois is G. M. Sign and it has agreed to submit to the jurisdiction of the District of Minnesota. Accordingly, the second factor, convenience of the parties and witnesses, favors transfer.

The final and most important factor in this case, whether transfer is in the interest of justice, also favors transfer. The interest of justice component of a § 1404(a) analysis concerns the "efficient administration of the court system." *Coffey*, 796 F.2d at 221. In making this determination, the court considers each proposed forum court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of litigating the case in each locale. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 961 (N.D. Ill. 2000).

In a diversity case such as this, it is "considered advantageous to have federal judges try a case who are familiar with the applicable state law." *Coffey*, 796 F.2d at 221. As stated above, the parties agree that Minnesota state law controls resolution of this insurance coverage dispute and the district court in Minnesota is more familiar with Minnesota state law than this Court. Further, this case does not have a relevant connection to Illinois. The coverage dispute is between Brink's, a Minnesota Corporation, and Auto-Owners, a Michigan Corporation, and the

disputed policy was paid for and issued in Minnesota. The people of Minnesota have a far greater interest in the resolution of this case than the people of Illinois. Finally, Auto-Owners contends, and G.M. Sign does not dispute, that this case will likely be resolved short of trial. Therefore, the estimated speed that this case would reach trial in the potential transferor and transferee districts is not relevant to the resolution of this motion.

## III. CONCLUSION

On these facts, the court finds that transfer to Minnesota pursuant to § 1404(a) is appropriate. The lack of any relevant connection between this district and this litigation and the presence of a strong connection to the District of Minnesota and the applicability of Minnesota state law to the resolution of this dispute, strongly outweigh the minimal deference accorded to Auto-Owners' choice of forum.

**ORDERED:** Defendant G.M. Sign's motion to transfer venue to the District of Minnesota [24] is granted.

ENTER:

George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: March 17, 2010